60 F.3d 825
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellant,
v.
David Robert BROWN, Defendant-Appellee.
 No. 93-5906.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 29, 1994.
Decided July 7, 1995.
 
 Jerry W. Miller, United States Attorney, Brian L. Whisler, Assistant United States Attorney, Charlotte, NC, for appellant. Harold J. Bender, Charlotte, NC, for appellee.
 Before WILKINSON and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 David Robert Brown was charged with possession of a firearm by a convicted felon in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994). Brown moved to suppress the firearm seized during a search of his car. The district court granted Brown's motion. The government appeals. Finding that the district court's factual determinations were not clearly erroneous, we affirm the district court's order.
 
 
 2
 * The evidence at the suppression hearings[1] demonstrated that, at approximately 3 a.m., while patrolling alone, Charlotte Police Sergeant Victoria Suarez observed Brown, a white male, seated in a Chevrolet Impala. The car was parked at an Amoco station in an area that is notorious for drug trafficking and the presence of firearms. Brown was talking with two African-American females. Sergeant Suarez stated that the women appeared to act defensively toward Brown. Sergeant Suarez was also aware of an all points bulletin ("APB") concerning a white male that had allegedly tried to abduct an African-American female by forcing her into a van.
 
 
 3
 When Sergeant Suarez pulled behind Brown's vehicle in her patrol car, Brown made a furtive gesture by which he appeared to place something underneath his car seat. Sergeant Suarez approached Brown, demanded that he place both hands on the steering wheel, and asked the females if everything was alright. The two women stated that everything was fine. Sergeant Suarez then ordered Brown to roll down his window and asked for identification.[2] Brown gave her his driver's license. Sergeant Suarez ordered Brown to step out of his car and patted him down. She discovered no weapon.
 
 
 4
 Sergeant Suarez asked Brown to step to the rear of his car and asked him a few more questions. She decided to allow Brown to get back into his car and leave the scene because she had determined that the women were fine and that no crime was in progress. Sergeant Suarez stated that she then decided to search the car because she was going to allow Brown to leave.
 
 
 5
 Upon searching the car and discovering a .45 caliber pistol underneath the driver's seat, Sergeant Suarez placed Brown under arrest for carrying a concealed weapon.
 
 
 6
 After much consideration, the district court found that, although the initial stop, detention, and pat down of Brown were proper pursuant to Terry v. Ohio, 392 U.S. 1 (1968), at the time of the search of the car, Sergeant Suarez no longer believed that Brown was dangerous, see Michigan v. Long, 463 U.S. 1032 (1983). Accordingly, the district court held that the search exceeded the scope of the stop. The government timely appeals.
 
 II
 
 7
 We review de novo the district court's legal conclusions; however, we review the district court's factual findings underlying those legal conclusions only for clear error. See United States v. Rusher, 966 F.2d 868, 873 (4th Cir.), cert. denied, 61 U.S.L.W. 3285 (U.S.1992), Furthermore, we view the evidence in a light most favorable to the party prevailing below, United States v. Coleman, 969 F.2d 126, 129 (5th Cir.1992), and even if there are facts to support a contrary conclusion, we do not weigh the evidence or judge the credibility of witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989).
 
 
 8
 Because the district court properly found that Sergeant Suarez had reasonable suspicion to justify the stop, the initial stop and detention of Brown is not an issue in this case. In addition, the district court properly stated the law for protective searches of vehicles. The factual question is whether Sergeant Suarez believed that Brown was dangerous at the time of the search. See Long, 463 U.S. at 1051-52 (officers do not have to use alternative means to ensure safety and may conduct protective search of automobile to uncover weapons "as long as they possess an articulable and objectively reasonable belief that the suspect is potentially dangerous").
 
 
 9
 The district court found that at the time of the search, Sergeant Suarez did not reasonably believe that Brown was dangerous. Because an investigative stop should last no longer than is necessary to effectuate the purpose of the stop, Florida v. Royer, 460 U.S. 491, 500 (1983), we find sufficient evidence to justify this determination. Sergeant Suarez testified that she checked Brown's license, discovered no weapon on Brown, determined that the females were fine, and ascertained that no crime was in progress.
 
 
 10
 Although an officer may search the passenger compartment for weapons before permitting the suspect to reenter the vehicle and continue the investigation, Long, 463 U.S. at 1052; United States v. Maestas, 941 F.2d 273 (5th Cir.1991), cert. denied, 60 U.S.L.W. 3479 (U.S.1992), the facts of this case do not warrant the search on that basis. The district court found that Sergeant Suarez believed that the stop was complete. Based on Sergeant Suarez's testimony that, prior to deciding to search the car, she had decided to allow Brown to reenter his automobile because it was the "end of the stop," we cannot say that the district court's finding was clearly erroneous.
 
 
 11
 Because there is sufficient evidence to support the district court's factual determinations that, at the time of the search, Sergeant Suarez did not believe that Brown was dangerous and that she had concluded that the stop was complete, we find that the district court did not clearly err in its factual determination. The court's legal conclusion is not at issue. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Two suppression hearings were held--one before a magistrate judge and one before a district court judge
 
 
 [2]
 At the hearing before the magistrate judge, Sergeant Suarez stated that she did not ask him for his identification until after she had placed him under arrest for possessing a concealed weapon